**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHELE BAKER, ANGELA CORBETT, and
DANIEL SCHUTTIG, *individually and on behalf of
all others similarly situated*,

                         Plaintiffs,

- v -                                   Civ. No. 1:16-CV-0220
                                               (LEK/DJS)

SAINT-GOBAIN PERFORMANCE PLASTICS
CORP. and HONEYWELL INTERNATIONAL
INC. f/k/a ALLIED-SIGNAL INC.,

                         Defendants.

---

LISA TIFFT and MARILYN PECKHAM, *individually
and on behalf of all others similarly situated*,

                         Plaintiffs,

- v -                                   Civ. No. 1:16-CV-0292
                                               (LEK/DJS)

SAINT-GOBAIN PERFORMANCE PLASTICS
CORP. and HONEYWELL INTERNATIONAL
INC. f/k/a ALLIED-SIGNAL INC.,

                         Defendants.

---

MICHAEL HICKEY, *individually, and as parent and natural
guardian of O.H., infant, individually and on behalf of all
others similarly situated*,

                         Plaintiffs,

- v -                                   Civ. No. 1:16-CV-0394
                                               (LEK/DJS)

SAINT-GOBAIN PERFORMANCE PLASTICS
CORP. and HONEYWELL INTERNATIONAL
INC. f/k/a ALLIED-SIGNAL INC.,

                         Defendants.

BRYAN SCHROM and KARY SCHROM, *individually and on behalf of all others similarly situated*,

                      Plaintiffs,

          - v -                                Civ. No. 1:16-CV-0476
                                                        (LEK/DJS)

SAINT-GOBAIN PERFORMANCE PLASTICS
CORP. and HONEYWELL INTERNATIONAL
INC. f/k/a ALLIED-SIGNAL INC.,

                      Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **WEITZ, LUXENBERG LAW FIRM**<br>*Attorneys for Plaintiffs Baker, Corbett, and Schuttig, Individually and on Behalf Of All Others Similarly Situated*<br>700 BROADWAY<br>NEW YORK, N.Y. 10003 | ROBIN L. GREENWALD, ESQ.<br>ELLEN RELKIN, ESQ.<br>JAMES J. BILSBORROW, ESQ.<br>PAUL J. PENNOCK, ESQ.<br>WILLIAM WALSH, ESQ. |
| **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**<br>*Attorneys for Plaintiffs Tifft and Peckham, Individually and on Behalf of All Others Similarly Situated*<br>1311 MAMARONECK AVENUE, SUITE 220<br>WHITE PLAINS, N.Y. 10605 | JEREMIAH FREI-PEARSON, ESQ.<br>DOUGLAS G. BLANKINSHIP, ESQ. |
| **FARACI, LANG LAW FIRM**<br>*Attorneys for Plaintiffs Hickey and O.H., Individually and on Behalf of All Others Similarly Situated*<br>28 EAST MAIN STREET - SUITE 1100<br>ROCHESTER, N.Y. 14614 | STEPHEN SCHWARZ, ESQ.<br>HADLEY L. MATARAZZO, ESQ. |
| **CHAFFIN LAHANA LLP**<br>*Attorneys for Plaintiffs Hickey and O.H., Individually and on Behalf of All Others Similarly Situated*<br>600 THIRD AVENUE, 12TH FLOOR<br>NEW YORK, N.Y. 10016 | ERIC T. CHAFFIN, ESQ. |

| | |
|---|---|
| WILLIAMS CUKER BEREZOFSKY LLC<br>*Attorneys for Plaintiffs Hickey and O.H.,*<br>*Individually and on Behalf of All Others*<br>*Similarly Situated*<br>210 LAKE DRIVE EAST, SUITE 101<br>CHERRY HILL, N.J. 08002 | ESTHER BEREZOFSKY, ESQ.<br>GERALD J. WILLIAMS, ESQ.<br>MICHAEL J. QUIRK, ESQ. |
| POWERS & SANTOLA, LLP<br>*Attorneys for Plaintiffs Schrom and Schrom,*<br>*Individually and on Behalf of All Others*<br>*Similarly Situated*<br>39 NORTH PEARL STREET, 2ND FLOOR<br>ALBANY, N.Y. 12207 | JOHN K. POWERS, ESQ.<br>LAURA M. JORDAN, ESQ. |
| NAPOLI SHKOLNIK PLLC<br>*Attorneys for Plaintiffs Schrom and Schrom,*<br>*Individually and on Behalf of All Others*<br>*Similarly Situated*<br>360 LEXINGTON AVENUE, 11TH FLOOR<br>NEW YORK, N.Y. 10017 | HUNTER J. SHKOLNIK, ESQ.<br>PAUL J. NAPOLI, ESQ. |
| QUINN, EMANUEL LAW FIRM<br>*Attorneys for Defendant Saint-Gobain*<br>*Performance Plastics Corp.*<br>51 MADISON AVENUE, 22ND FLOOR<br>NEW YORK, N,Y. 10010 | DOUGLAS FLEMING, ESQ.<br>MARK S. CHEFFO, ESQ.<br>PATRICK D. CURRAN, ESQ.<br>SHEILA L. BIRNBAUM, ESQ. |
| HINCKLEY, ALLEN LAW FIRM<br>*Attorneys for Defendant Saint-Gobain*<br>*Performance Plastics Corp.*<br>30 SOUTH PEARL STREET, SUITE 901<br>ALBANY, N.Y. 12207 | MICHAEL L. KOENIG, ESQ.<br>CHRISTOPHER V. FENLON, ESQ. |
| ARNOLD, PORTER LAW FIRM<br>*Attorneys for Defendant Honeywell International Inc.*<br>*Formerly Known as Allied-Signal Inc.*<br>601 MASSACHUSETTS AVENUE, N.W.<br>WASHINGTON, D.C. 20001 | ALLYSON HIMELFARB, ESQ.<br>ANTHONY D. BOCCANFUSO ESQ.<br>ELISSA J. PREHEIM, ESQ.<br>MICHAEL D. DANEKER, ESQ.<br>TAL R. MACHNES, ESQ. |
| ALLEN, DESNOYERS LAW FIRM<br>*Attorneys for Defendant HoneyWell International Inc.*<br>*Formerly Known as Allied-Signal Inc.*<br>90 STATE STREET, SUITE 1009 | DALE DESNOYERS, ESQ.<br>GREGORY J. ALLEN, ESQ.<br>PATRICK L. KEHOE, ESQ. |

ALBANY, N.Y. 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

The Plaintiffs in these four related actions, each acting on behalf of a putative class, have asserted various claims relating to water contamination in the Hoosick Falls area. *See Baker, et al. v. Saint-Gobain, et al.*, Civ. No. 1:16-CV- 220 (LEK/DJS) ("*Baker*"); *Tifft, et al. v. Saint-Gobain, et al.*, Civ. No. 1:16-CV-292 (LEK/DJS) ("*Tifft*"); *Hickey, et al. v. Saint-Gobain, et al.*, Civ. No. 1:16-CV-394 (LEK/DJS) ("*Hickey*"); *Schrom, et al. v. Saint-Gobain, et al.*, Civ. No. 1:16-CV-476 (LEK/DJS) ("*Schrom*").[1] Currently before the Court are Motions seeking to consolidate the above-captioned actions and to have the Court appoint interim class counsel. *Baker*, Civ. No. 1:16-CV-220, Dkt. No. 39; *Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 35.[2] For the reasons set forth below, I **grant** the requests to consolidate the four actions and to appoint interim class counsel; specifically, I appoint the Law Firms of Weitz & Luxenberg and Faraci Lang, LLP as Co-Lead Interim Class Counsel, and I appoint the Law Firm of Powers & Santola as Liaison Counsel.

## I. BACKGROUND

On February 24, 2016, Plaintiffs Michele Baker, Angela Corbett, Michelle O'Leary, and Daniel Schutting, by their attorneys Weitz & Luxenberg, P.C., filed the first water contamination

---

[1] A fifth action was also filed, which was recently deemed to be related to the four actions noted hereinabove. *See Hoosick Falls Assoc. v. Saint-Gobain, et al.*, Civ. No. 1:16-CV-596 (LEK/DJS). Currently, a Motion to Remand is pending before the assigned District Judge, *id.* at Dkt. No. 31, and, therefore, this case is not included in my consideration of the pending Motions to Consolidate and Appoint Class Counsel.

[2] The *Hickey* Plaintiffs joined in the Motion that was filed in the *Baker* action. *See Baker*, Civ. No. 1:16-CV-220, Dkt. No. 39. The *Schrom* and *Tifft* Plaintiffs also filed subsequent Letter-Motions regarding their respective proposals for appointing interim lead class counsel. *See Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 39; *Schrom*, Civ. No. 1:16-CV-476, Dkt. No. 10.

lawsuit in this District on behalf of themselves and all others similarly situated. *Baker*, Civ. No.1:16-CV-220, Dkt. No. 1, Compl. According to the *Baker* Amended Complaint,[3] residents of the Village of Hoosick Falls have for years been drinking water "laced with a dangerous chemical called perflurooctanoic acid, commonly referred to as PFOA." Dkt. No. 6, Am. Compl., at ¶ 1. The Amended Complaint further alleges that Defendants Saint-Gobain and Allied Signal Inc., the latter now doing business as Honeywell International, caused the contamination of the groundwater from a facility located in Hoosick Falls (the "McCaffrey Street Facility"). *Id*. at ¶¶ 2 & 39. The *Baker* Plaintiffs claim that the contamination subjected Plaintiffs to numerous health issues as well as a resultant devaluation of their property. *Id.* at ¶ 1.

The Village of Hoosick Falls has a population of approximately 3,500 inhabitants, and operates its own municipal water system.[4] *Id.* at ¶¶ 60 & 61. The Hoosick Falls Water Department conducted tests on their water in June of 2015, which confirmed the presence of PFOA in the municipal water system.[5] *Id.* at ¶¶ 67-70. As a result of these findings, various actions were taken, including a request to designate Hoosick Falls as a federal Superfund site. *Id*. at ¶ 80. All of this is alleged to have negatively impacted the property values of the community, with banks refusing to advance funds for the purchase or refinancing of homes in Hoosick Falls. *Id*. at ¶¶ 87-88.

The *Baker* class action asserts claims on behalf of two subclasses, one for all current owners of real property located in the Village of Hoosick Falls connected to the municipal water system,

---

[3] The Complaint was amended as of right on February 26, 2016, and Michele O'Leary was removed as a named Plaintiff. *Baker*, Civ. No. 1:16-CV-220, Dkt. No. 6, Am. Compl.

[4] Residents that do not utilize the municipal system obtain their water through wells. *See Baker*, Civ. No. 1:16-CV-220, Am. Compl. at ¶ 98.

[5] Other testing allegedly confirmed PFOA contamination in private wells. *See Baker*, Civ. No. 1:16-CV-220, Am. Compl. at ¶ 72.

and a second subclass for current owners of real property in the Village who utilize private well water.

*Id.* at ¶ 98. Jurisdiction of the *Baker* action is premised upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *Id.* at ¶ 19. The Amended Complaint seeks monetary damages to compensate class members for the cost of remediating property of contamination, diminution of property value, and loss of use and enjoyment of property and quality of life, as well as punitive damages, and the implementation of a mandatory testing protocol. *Id.* at ¶¶ 147-50.

On March 10, 2016, the *Tifft* lawsuit was commenced by Lisa Tifft and Marilyn Peckham, by and through their attorneys Finkelstein, Blankinship, Frei-Pearson, & Garber, LLP, on behalf of themselves and on behalf of all others similarly situated. *Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 1, Compl. The two named Plaintiffs allege various physical ailments that they maintain were proximately caused by PFOA exposure, in addition to the loss of value of Plaintiff Peckham's property. *Id.* at ¶¶ 52-54. The proposed class action in that suit is brought on behalf of two subclasses, one, all residents of Rensselaer County who consumed water supplied by Hoosick Falls, and second, all persons who own or have owned real property in Hoosick Falls. *Id.* at ¶ 55.

On April 6, 2016, Plaintiff Michael Hickey and his child, O. H., by and through their attorneys, Faraci Lange, LLP,[6] commenced the third action in this District on behalf of themselves and on behalf of all others similarly situated. *Hickey*, Civ. No. 1:16-CV-394, Dkt. No. 1, Compl. In that action, Plaintiffs identify two proposed subclasses, one, all current owners of real property in the Village of Hoosick Falls who receive their water from the Village water supply, and second, all individuals who drank or bathed in contaminated water and have accumulated PFOA in their

---

[6] Several law firms are noted on the *Hickey* Complaint, however, it appears that Faraci Lange, LLP is proceeding as the lead counsel for that action. *See Hickey*, Civ. No. 1:16-CV-394, Dkt. No. 1, Compl., at p. 17.

bodies. *Id.* at ¶ 40.

Finally, on April 26, 2016, Plaintiffs Bryan and Kary Schrom, by and through their attorneys Powers & Santola, LLP, and Napoli Shkolnik PLLC, commenced a fourth action against the Defendants on behalf of themselves and on behalf of all others similarly situated. *Schrom*, Civ. No. 1:16-CV-476, Dkt. No. 1, Compl. The *Schrom* Plaintiffs also seek to bring the action on behalf of two proposed subclasses, one, all residents of Hoosick Falls who have consumed water from the municipal water supply, and second, all owners of real property in Hoosick Falls. *Id.* at ¶ 81.

On May 27, 2016, counsel for the *Baker* and *Hickey* Plaintiffs jointly filed a Motion seeking to Consolidate the pending actions and to have interim class counsel appointed. In seeking appointment of lead counsel, they also sought adoption of the case management and billing protocol plan. *Baker*, Civ. No. 1:16-CV-220, Dkt. No. 39. Thereafter, a request was made by counsel in the *Tifft* action for consolidation and for appointment of interim class counsel. *Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 35. On June 10, 2016, the Court held an initial hearing on the Motions currently pending, and subsequent filings have been received and reviewed by the Court. *See Baker*, Civ. No. 1:16-CV-220, Dkt. No. 45; *Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 39; *Schrom*, Civ. No. 1:16-CV-476, Dkt. No. 10.

## II. CONSOLIDATION

As an initial matter, the Court will deal with the requests to consolidate these actions. As indicated during the June 10th hearing, the request to consolidate is warranted and appropriate. Indeed, each of the cases contained in the caption above have been deemed related for purposes of this District's General Order 12(G). *Baker*, Civ. No. 1:16-CV-220, Dkt. No. 11; *Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 8; *Hickey*, Civ. No. 1:16-CV-394, Dkt. No. 7; *Schrom*, Civ. No. 1:16-CV-476,

Dkt. No. 6. The named Defendants are the same in each case, and the cases arise out of the same common nucleus of operative fact and involve common questions of law. Upon review of the matter and in the interest of judicial economy, it is hereby **ORDERED** that the cases are consolidated in accordance with General Order 12(G)(7).[7]

### III. INTERIM CLASS COUNSEL PROPOSALS

Next, the Court deals with the competing requests for appointment of interim class counsel. According to the Motions before the Court, the *Baker* and *Hickey* Plaintiffs propose appointment of co-lead interim class counsel comprised of Weitz & Luxenberg, P.C., and Faraci Lange, LLP (the "Weitz-Faraci Group"). *Baker*, Civ. No. 1:16-CV-220, Dkt. No. 39. In support of their Motion, counsel note that they have extensive experience in mass tort litigation in general, as well as specific experience in water contamination class actions in New York State. *Id.*, Dkt. No. 39-1 at pp. 3-4. The two law firms have been actively involved in identifying and investigating potential claims from the contamination in Hoosick Falls since the earliest possible stage, conducting meetings, advising residents, and consulting with experts. *Id.* at pp. 8-10. At the time they filed their Motion to consolidate and be appointed lead interim class counsel, the Weitz-Faraci group had met with over 1000 residents and had been retained by over 500 clients. *Id.* at p. 3. That group of clients had increased to approximately 700 at the time of this Court's initial hearing in June.

A competing proposal was submitted by counsel in the *Tifft* and *Schrom* actions, seeking instead the appointment of Hunter Shkolnik, Esq., of Napoli Shkolnick PLLC, and Jeremiah Frei-

---

[7] In the interest of judicial efficiency, the Clerk of the Court will be directed to administratively open a new civil action, which shall be deemed the lead case for these consolidated cases. It is in this newly opened lead case wherein a master consolidated complaint will be filed and all further filings related to these consolidated actions shall be filed. If, as anticipated, more cases are brought in this District, the Court will review and determine whether such cases should be added to the consolidated lead civil action.

Pearson, Esq., of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as co-lead counsel, and John Powers, Esq., of Powers & Santola, LLP, as liaison counsel (the "Napoli-FBFG Group"). *See Tifft*, Civ. No.1:16-CV-292, Dkt. No. 35-1 at p. 1. The proposal from the Napoli-FBFG Group also notes their experience with mass tort litigation and their involvement with the Hoosick Falls matter in particular. *Id.* at pp. 10-13.

On June 10, 2016, the Court held an initial hearing, and the issues of consolidation and appointment of interim class action counsel were discussed at length.[8] While the Court indicated it would grant the consolidation Motion, the Court urged all counsel to communicate amongst themselves to attempt to voluntarily work out an effective leadership structure and report back to the Court on their efforts by June 24, 2016. *See Baker*, Civ. No.1:16-CV-292, Dkt. No. 44; *Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 38; *Hickey*, Civ. No. 1:16-CV-394, Dkt. No. 17; *Schrom*, Civ. No. 1:16-CV-476, Dkt. No. 9. It appears that during the adjourned time period discussions were held amongst counsel, but no consensus was reached. *See Baker*, Civ. No. 1:16-CV-220, Dkt. No. 45; *Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 39, *Schrom*, Civ. No. 1:16-CV-476, Dkt No. 10. The alternate proposals provided in each case include a proposal by the Weitz-Faraci Group for a tripartite leadership group made up of the Weitz-Faraci Group and one firm from the Napoli-FBFG Group, with Mr. Powers acting as liaison counsel. *Baker*, Civ. No. 1:16-CV-220, Dkt. No. 45. For its part, the Napoli-FBFG Group proposed a four firm leadership structure, consisting of Weitz, Faraci, Napoli, and FBFG, with Mr. Powers as liaison. *Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 39. A "streamlined" proposal with one member of the Weitz-Faraci Group and one member of the Napoli-

---

[8] Although the *Schrom* Plaintiffs did not formally move nor join in any of the pending Motions, the Court felt that the early stage of that litigation may have prevented such formal motion practice and nevertheless found it prudent to join them in the hearing before the Court so that their perspective could be voiced.

FBFG Group was also discussed. *Id.* at p. 1. Unable to reach a compromise, the two groups ultimately returned to the Court with their original proposals.

## IV. DISCUSSION

When considering the appointment of interim class counsel, this Court considers the same factors that a court appointing lead counsel for a certified class must consider, including the candidates' qualifications and competence, their ability to fairly represent diverse interests, and their ability "to command the respect of their colleagues and work cooperatively with opposing counsel and the court." *Manual for Complex Litigation* § 10.224 (4th ed. 2004); *see* FED. R. CIV. P. 23(g)(1)(A). The Court should also examine anything else that is "pertinent to counsel's ability to fairly and adequately represent the interests of the class," FED. R. CIV. P. 23(g)(1)(B), including "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel." *In re Comverse Tech., Inc. Derivative Litig.*, 2006 WL 3761986, at *2-3 (E.D.N.Y. Sept. 22, 2006). Ultimately, the court's task in deciding these motions is "to protect the interests of the plaintiffs, not their lawyers." *In re Parking Heaters Mem. Antitrust Litig.*, 310 F.R.D. 54, 57 (E.D.N.Y. 2015) (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2006 WL 2038650, at *4 (E.D.N.Y. Feb. 24, 2006)). It is this last point that is of particular importance in the present case.

There appears to be no question that the attorneys and law firms that are vying for the position of interim lead counsel are extremely well qualified for that role. The submissions received by the Court to date, and the presentations made, have been top-notch, and speak to an extraordinarily high level of competence. Thus, the Court is faced with a series of good alternatives.

As a starting point, there is no question that the Weitz-Faraci Group has been retained by the

largest number of clients in this matter, has worked closely with the community and public officials, they have the financial resources to effectively prosecute the matter, and was the first to file a lawsuit. *See Baker*, Civ. No. 1:16-CV-220, Dkt. No. 39-1 at pp. 8-17. Of even more significance to the Court, however, is the work of the Weitz and Faraci law firms in previous groundwater contamination cases in Broome County and Monroe County New York. *See id.* at pp. 3-4. For these reasons, the Court finds that it is appropriate to appoint Weitz and Faraci as Co-Lead Interim Class Counsel.

The Court has considered at length the proposals of the Napoli-FBFG Group regarding lead representation in the matter. Having decided that Weitz-Faraci should be involved as lead counsel, the question for the Court is whether the Napoli-FBFG Group should also play a part in the leadership structure. Through the course of negotiations it appears that the offer to have a single member of the Napoli-FBFG Group join together with Weitz and Faraci has been rejected. *See Tifft*, Civ. No. 1:16-CV-292, Dkt. No. 39 at p. 2. The Court understands the reason for this and that the only proposal that would likely be acceptable is one in which the Napoli-FBFG Group has an equal voting role in a two firm or four firm grouping.

It is the Court's considered opinion that such an evenly weighted leadership structure could and would likely lead to dissension and delay, and this has been evidenced by what has occurred to date. The inability to reach a compromise on the single issue of the management structure bodes poorly for a combined leadership team with equal voting to promote the efficiency and economy of the case for all the clients. Nor does the Court feel that the facts and breadth of this particular case requires a four-firm leadership structure. Nothing in the foregoing should be considered as a criticism of any particular attorney or firm, and simply because a group of clients does not have their

attorneys in the leadership structure does not mean that they will not be active participants in the case. Certainly the Court's expectation is that Co-Lead Interim Class Counsel will seek out and consider the input of all counsel in progressing this matter towards class certification. When and if a class-action is certified by the assigned United States District Judge, he will no doubt review the status and makeup of class counsel.

While the Court is not adopting a four-firm management group, the Court does believe that appointment a Liaison Counsel would be helpful and appropriate. On this point, all involved agree that Powers & Santola should act as Liaison Counsel, and the Court adopts that suggestion.

## V. CONCLUSION

For the reasons set forth above, I find that consolidation of all the cases noted in the above caption is appropriate. I further appoint Weitz & Luxenberg and Faraci Lang as Co-Lead Interim Class Counsel in this matter, and Powers & Santola as Liaison Counsel. And, accordingly, I deny the request seeking appointment of others as interim lead class counsel.

**WHEREFORE**, it is hereby

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 42(a)(2), the above-captioned cases, which have been deemed related pursuant to General Order 12(G)(2), are consolidated. The Clerk of the Court is directed to administratively open a new civil action, designated Civ. No. 1:16-CV-917 (LEK/DJS), which shall be deemed the Lead Case for these consolidated actions, and shall designate all four civil actions noted in the caption above as Member Cases. The newly opened Lead Case shall list as Plaintiffs "Michele Baker, Angela Corbett, Daniel Shuttig, Lisa Tifft, Marilyn Peckham, Michael Hickey, *individually, and as parent and natural guardian of O.H., infant*, Bryan Schrom, and Kary Schrom, *all individually and on behalf of all others similarly situated*," and shall

list as Defendants "Saint-Gobain Performance Plastics Corp. and Honeywell International Inc., f/k/a Allied-Signal Inc." The decision to include all individually named Plaintiffs in the caption in no way affects Co-Lead Interim Class Counsels' ability to advocate, in a motion for class certification, which of the plaintiff(s) would be properly noted as a class representative. All filings related to the consolidated action shall be filed in this Lead civil case only. Any filings placed in the Member cases will not be considered and shall be stricken by the Court; and it is further

**ORDERED**, that any new civil action filed in this District that involves the alleged contamination of water sources in and around Hoosick Falls, New York, with the chemical PFOA will be reviewed by the Court on a case-by-case basis in order to determine, at the time of its filing, whether it should be consolidated into the Lead civil action; and it is further

**ORDERED**, that the Court appoints Weitz & Luxenberg, P.C. and Faraci Lange, LLP as Co-Lead Interim Class Counsel, with Powers & Santola LLP as Liason Counsel, and, accordingly, the Court acts on the pending Motions before me as follows:

1. *Baker*, Civ. No. 1:16-CV-220, Motion to Consolidate and Appoint Counsel (Dkt. No. 39) is **GRANTED**;

2. *Tifft*, Civ. No. 1:16-CV-292, Motion to Consolidate and Appoint Counsel (Dkt. No. 35) is **GRANTED IN PART AND DENIED IN PART** consistent with the above discussion;

3. *Tifft*, Civ. No. 1:16-CV-292, Lt.-Mot. (Dkt. No. 39) is **GRANTED IN PART AND DENIED IN PART** consistent with the above discussion;

4. *Schrom*, Civ. No. 1:16-CV-476, Lt.-Mot. (Dkt. No. 10) is **GRANTED IN PART AND DENIED IN PART** consistent with the above discussion; and it is further

**ORDERED**, that Plaintiffs' Co-Lead Interim Class Counsel, Weitz & Luxenberg, P.C. and

Faraci Lange, LLP, will be responsible for and have plenary authority to prosecute any and all claims of the Plaintiffs and the putative class and to provide general supervision of all Plaintiffs' Counsel in the Consolidated Actions. Specifically, Co-Lead Interim Class Counsel shall have the following responsibilities, duties, and sole authority:

1. Draft and file a master consolidated complaint and have final authority regarding what claims and parties are to be included;

2. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

3. Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice for the Northern District of New York;

4. Consult with and employ expert witnesses;

5. Draft and file the motion for class certification on behalf of Plaintiffs and the putative class;

6. Enter into stipulations with Defendants;

7. Sign all papers filed on behalf of Plaintiffs, as necessary;

8. Conduct settlement negotiations with Defendants, and if there is a settlement, propose a claims protocol and/or plan of allocation;

9. Maintain an up-to-date service list of all Plaintiffs' counsel for all Consolidated Actions, and promptly advise the Court and Defendants' counsel of changes thereto;

10. Receive and distribute to all Plaintiffs' counsel, as appropriate, discovery, pleadings,

correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

11. Appear at Court-noticed conferences;

12. Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

13. Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by all Plaintiffs' counsel whose work Co-Lead Interim Class Counsel has specifically authorized, and submit at the Court's request in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action; and

14. Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Co-Lead Interim Class Counsel deem necessary, in order to advance the litigation or as authorized by further Order of the Court; and it is further

**ORDERED**, that Powers & Santola, LLP, is appointed as Interim Liaison Counsel and in that role shall provide assistance to Co-Lead Interim Class Counsel and will be the designated contact person regarding communications with the Court on behalf of the Plaintiffs and putative class; and it is further

**ORDERED**, that all other Plaintiffs' counsel are prohibited from taking any action on behalf of the Plaintiffs and putative class in this Consolidated Action without advance authorization from Co-Lead Interim Class Counsel, except for application to modify or be relieved from this Decision and Order; and it is further

**ORDERED**, that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation; and it is further

**ORDERED**, that, pursuant to Federal Rule of Civil Procedure 1, counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pretrial proceedings in the Consolidated Action, and related civility principles governing lawyers in the State of New York; and it is further

**ORDERED**, that a master consolidated complaint be filed in the newly opened Lead Case, Civ. No. 1:16-CV-917, by Co-Lead Interim Class Counsel within thirty days of the filing date of this Decision and Order; and it is further

**ORDERED**, that Defendants shall answer or otherwise respond to the master consolidated complaint within thirty days of the filing of that pleading; and it is further

**ORDERED**, that upon receipt of the Defendants' response to the master consolidated complaint, the undersigned will schedule a conference with the parties in order to set pretrial deadlines; and it is further

**ORDERED**, that this Decision and Order be docketed in each of the above-captioned cases, including the newly opened Lead Case.

**IT IS SO ORDERED**.

Date: July 27, 2016
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge